OPINION
Although this appeal was originally assigned to the accelerated docket, this court elects to issue a full opinion in accordance with Loc.R. 12(5).
Defendant-Appellant, Christopher M. Gonzalez, appeals a judgment of the Common Pleas Court of Allen County sentencing Appellant to maximum, consecutive prison terms on two counts of felony domestic violence. For the reasons stated in the following opinion, we reverse the trial court's decision, vacate Appellant's sentence and remand the matter for further proceedings.
On November 5, 1998, Appellant was arraigned on two counts of domestic violence in violation of R.C. 2929.25(A) for his involvement in an incident that occurred on September 27, 1998, when Appellant caused or attempted to cause physical harm to Christina Voorhees and Kimberly Smith. Each woman has a child by Appellant. The charges were classified as fifth degree felonies in accordance with R.C. 2929.25(D) because Appellant was previously convicted of a domestic violence offense. At the arraignment, Appellant waived indictment and pled guilty to both counts as set forth in a Bill of Information. Sentencing was delayed to allow for a pre-sentence investigation.
At the December 14, 1998 sentencing hearing, the trial court ordered Appellant to serve the maximum twelve month prison term on each count and ordered the sentences to run consecutively. Thereafter, Appellant filed the instant timely appeal, asserting four assignments of error for our consideration and review. For the sake of clarity, we have chosen to address Appellant's assignments of error out of order.
Assignment of Error IV
 That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a the [sic] maximum consecutive terms of incarceration upon the Defendant for two fifth degree felonies, to wit, Domestic Violence [O.R.C. Section 2919.25(A)] after a negotiated plea of guilty where the consecutive terms of incarceration is, in the aggregate, greater than the maximum sentence for the most serious offense for which the Defendant was convicted pursuant to O.R.C. Section 2953.08(C).
We find that Appellant's reliance on R.C. 2953.08(C) is wholly misguided. R.C. 2953.08(C) is merely a basis upon which an appellant can perfect an appeal to this court. The statute does not provide a legal ground upon which to base the merits of an appeal.
The right to perfect an appeal of a sentence pursuant to R.C.2953.08(C) is not a provision that limits the trial court from imposing consecutive sentences for multiple offenses that, in the aggregate, exceed the maximum sentence for the most serious offense. To construe the statute in that fashion would "demean the sentencing process to the point that it would permit one person to receive a maximum sentence for committing one felony while allowing another person to receive only the same maximum sentence for committing one hundred similar felonies." State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported.
Thus, because Appellant has not presented a valid legal argument for our review, Appellant's fourth assignment of error is overruled.
Since Appellant's remaining assignments of error raise similar issues, we have chosen to discuss them together.
Assignment of Error I
 That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing the maximum consecutive terms of incarceration of twelve (12) months for each felony of the fifth degree, to wit, Domestic Violence [O.R.C. Section 2919.25(A)] after a negotiated plea of guilty as set forth in O.R.C. Section 2929.14(A)(1). Said assignment is an appeal as of right under O.R.C. Section 2953.08(A)(1)(b).
Assignment of Error II
 That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a the [sic] maximum consecutive terms of incarceration upon the Defendant for two fifth degree felonies, to wit, Domestic Violence [O.R.C. Section 2919.25(A)] after a negotiated plea of guilty where the Defendant's sentence was contrary to law. Said assignment is an appeal as of right under O.R.C. Section 2953.08(A)(4).
Assignment of Error III
 That the Court of Common Pleas for Allen County, Ohio committed error prejudicial to the Defendant in imposing a maximum consecutive terms [sic] of incarceration upon the Defendant for two fifth degree felonies, to wit, Domestic Violence [O.R.C. Section 2919.25(A)] after a negotiated plea of guilty where the sentence of the Defendant was an abuse of discretion of the trial court.
Although Appellant argues that the court erred in imposing consecutive, maximum sentences, we find that our disposition of the decision to order Appellant to serve the longest prison term is dispositive of the remaining three assignments of error. Thus, our discussion will focus on this issue exclusively.
R.C. 2929.14(A)(5) states that the maximum prison term for a fifth degree felony is twelve months. In order to be able to impose the maximum sentence on an offender who has previously served a prison term, as in this case, R.C. 2929.14(C) provides, in relevant part, that the court:
 [M]ay impose the longest term authorized for the offense only upon offenders who committed the worst forms of the offense,
 * * * [or] who pose the greatest likelihood of committing future crimes * * *.
R.C. 2929.19(B)(2)(e) further provides that a court must state its reasons for imposing the maximum term at the sentencing hearing. Pursuant to R.C. 2953.08(G)(1), a reviewing court may vacate a sentence and remand it to the trial court for resentencing if the appellate court finds clearly and convincingly that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
In State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means of their fulfillment by the trial court, and the standard for appellate review of such sentences. There, we held that it is the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14 and 2929.19, which in effect, determine a particular sentence, and a sentence unsupported by those findings is both incomplete and invalid. We further concluded that the trial court must strictly comply with the relevant statutes by making such necessary findings and, when required, stating the particular reasons for doing so on the record at the sentencing hearing.
In Martin, we have explicitly rejected the rules set forth in our previous opinions of State v. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported, and State v. Wood (Nov. 25, 1998), Van Wert App. No. 15-98-14, unreported. In Lazenby, we held that a felony sentence must be vacated unless the trial court includes all necessary findings in the judgment entry of sentencing. Although we find that this is the better practice, we cannot, in the interest of justice, find that the trial court's failure to include such findings in the judgment entry should render an otherwise appropriate felony sentence invalid. Although we attempted to carve out an exception to the Lazenby rule in Wood, the latter case implies an inaccurate inference that the mere presence of evidence in the record is enough to find compliance with the sentencing statutes, regardless of whether the findings were expressly made by the court at the hearing.
In applying the "strict compliance" standard of Martin to the instant matter, we conclude that the trial court erred in imposing the maximum sentence. The only statement made at the sentencing hearing from which we might infer the basis for the court's decision is as follows:
 THE COURT: Based upon the facts of these two counts, and considering your past criminal history, and specifically the fact that these victims have been victims of domestic violence offenses committed by you in the past, I'm going to sentence you on each count to twelve months in the Ohio Correctional Facility.
The court clearly made none of the requisite statutory findings in this case. Therefore, we must reverse the court's order, vacate Appellant's sentence and remand the matter for resentencing in accordance with this opinion.
Since we have concluded that Appellant's original sentence must be vacated, we find it unnecessary to reach the issue of whether the trial court correctly imposed consecutive sentences. Appellant's first, second and third assignments of error are sustained as they relate to the question of maximum terms.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed, the order of sentence is vacated and the matter is remanded for the purpose of resentencing in accordance with this opinion.
 Judgment reversed, sentence vacated and cause remanded.
BRYANT, P.J., and HADLEY, J., concur.